Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| JOSÉ DELGADO CARRIÓN<br><br>Recurrente<br><br>Vs.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202500357 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm. PA-73-25<br><br>Sobre: Acreditación de Bonificación |
|---|---|---|

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de junio de 2025.

Comparece el señor José Delgado Carrión ("recurrente"), por derecho propio, en forma *pauperis.*[1] El recurso versa sobre revisión de bonificaciones por buena conducta y asiduidad a la sentencia que extingue el recurrente. Prescindimos de los términos y de la comparecencia de la Oficina del Procurador General. Regla 7(B)(5) de nuestro Reglamento, 4 LPRA Ap. XXII-B R 7(B)(5).

Por los fundamentos que expondremos a continuación, *confirmamos* la respuesta emitida por el Departamento de Corrección y Rehabilitación("recurrida").

*-I-*

El señor Delgado Carrión, está confinado en la Institución Ponce Adulto 1,000, cumpliendo una *Sentencia* de 99 años. Una búsqueda en el Sistema Electrónico de Bibliotecas Integradas nos informa que 1 de mayo de 2006 el recurrente fue sentenciado a cumplir de forma concurrente 99 años de cárcel por el delito de

---

[1] El recurrente incluyó con su recurso el formulario sobre *Declaración en Apoyo de Solicitud para Litigar como Indigente* (*in forma pauperis*) debidamente juramentado de conformidad a la Regla 78 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 78.

asesinato en primer grado, 25 años por el delito de secuestro y 15 años por el delito de robo. El recurrente presentó en la División de Remedios Administrativos de Ponce una *Solicitud de remedio administrativo*. Planteó que, trabajó y estudió por varios años en diferentes periodos, por los cuales reclama bonificaciones por estudio y trabajo. Alega tener derecho a bonificación conforme la Ley Núm. 2 de 21 de noviembre de 2011, conocida como el *Plan de Reorganización del Departamento de Corrección y Rehabilitación*. La División emitió una *Respuesta de reconsideración al miembro de la población correccional*, el 12 de mayo de 2025. La parte recurrida denegó la solicitud de bonificación instada por el recurrente. En particular, el recurrido aseguró que "la Ley 87 excluye de las bonificaciones por buena conducta y asiduidad a la sentencia de 99 años". El recurrente solicita que emitamos una orden a la parte recurrida con el propósito de bonificar su sentencia sobre la base del tiempo que trabajó.

Procedemos a resolver este recurso con el beneficio de la comparecencia de la parte recurrente, el contenido del expediente y el derecho aplicable. Prescindimos de la comparecencia de la Oficina del Procurador General. Regla 7(B)(5) de nuestro Reglamento, 4 LPRA Ap. XXII-B R 7(B)(5).

*-II-*

El 4 de agosto de 2020 la Asamblea Legislativa aprobó la Ley Núm. 87 de 4 de agosto de 2020. Esta Ley tuvo como único propósito enmendar el Artículo 11 del Plan de Reorganización de 2011 del Departamento de Corrección y Rehabilitación, según enmendado: "a los fines de extenderle a toda la población penal de Puerto Rico, sin considerar el Código Penal bajo el cual fueron sentenciados y cumplen condena, la oportunidad de recibir bonificaciones por buena conducta y asiduidad, sujeto a las excepciones y porcentajes de acumulación preceptuados en dicho

Artículo".[2] a partir de la vigencia de la Ley Núm. 87-2020 todos los confinados, indistintamente del Código Penal bajo el cual fueron acusados, procesados y sentenciados, cualifican para tales bonificaciones a menos que estén excluidos por algunas de las excepciones expresamente dispuesta en el referido Artículo 11, Enmendado. El 19 de julio de 2022 el legislador enmendó el Artículos 3, 11 y 12 del Artículo 11 del Plan de Reorganización de 2011 del Departamento de Corrección y Rehabilitación a los fines de establecer que los convictos que estén disfrutando de los beneficios que concede la Junta de Libertad Bajo Palabra tienen derecho a recibir las bonificaciones en concepto de buena conducta y asiduidad, trabajo, estudio y otros servicios. Exposición de Motivos, Ley Núm. 66-2022. Así, luego de estas enmiendas introducidas tanto por la Ley Núm. 87, y la Ley Núm. 66-2022 al Artículo 11 del Plan de Reorganización, según enmendado, quedó redactado de la siguiente manera:

> Toda persona sentenciada a cumplir término de reclusión en cualquier institución, antes de la vigencia del Código Penal de Puerto Rico de 2004, que esté disfrutando de un permiso concedido a tenor con lo dispuesto en este Plan o que se encuentre recluida en cualquier entidad gubernamental o privada como parte de un programa de rehabilitación, o disfrutando de libertad bajo palabra concedida por la Junta de Libertad Bajo Palabra, y que observare buena conducta y asiduidad, tendrá derecho a las siguientes rebajas del término de su sentencia, las cuales se computarán desde su admisión a la institución de que se trate o desde que se concede la libertad bajo palabra:
>
> (a) Por una sentencia que no excediere de quince (15) años, doce (12) días en cada mes; o
>
> (b) por una sentencia de quince (15) años o más, trece (13) días por cada mes.
>
> Dicha rebaja se hará por el mes natural, que representará un plazo de 30 días. Si la sentencia contuviere una fracción de mes, bien sea al principio o al fin de dicha sentencia, se le abonarán dos (2) días por cada cinco (5) días o parte de los mismos, contenidos en dicha fracción.

---

[2] Exposición de Motivos Ley Núm. 87 de 4 de agosto de 2020.

Toda persona sentenciada a cumplir término de reclusión en cualquier institución, con posterioridad a la vigencia del Código Penal de Puerto Rico de 2004, que esté disfrutando de un permiso concedido a tenor con lo dispuesto en este Plan, o que se encuentre recluida en cualquier entidad gubernamental o privada como parte de un programa de rehabilitación, que observare buena conducta y asiduidad, tendrá derecho a las siguientes rebajas del término de su sentencia, las cuales se computarán desde su admisión a la institución de que se trate:

(c) por una sentencia que no excediere de quince (15) años, seis (6) días en cada mes; o

(d) por una sentencia de quince (15) años o más, siete (7) días por cada mes.

Dicha rebaja se hará por mes, que representará un plazo de 30 días. Si la sentencia contuviere una fracción de mes, bien sea al principio o al fin de dicha sentencia, se le abonarán un (1) día por cada cinco (5) días o parte de los mismos, contenidos en dicha fracción.

La deducción por buena conducta y asiduidad podrá hacerse durante el tiempo que hubiere permanecido privada de su libertad cualquier persona acusada de cometer cualquier delito público, de ser sentenciada por los mismos hechos por los cuales hubiere sufrido dicha privación de libertad.

***Se excluye de las bonificaciones que establece este artículo toda condena que apareje pena de reclusión de noventa y nueve (99) años, toda condena que haya dado lugar a una determinación de reincidencia agravada o de reincidencia habitual, conforme establecen el Código Penal de 1974, de 2004 y el Código Penal vigente***, la condena impuesta en defecto del pago de una multa y aquella que deba cumplirse en años naturales.

Toda persona sentenciada a cumplir término de reclusión de noventa y nueve (99) años antes del día 20 de julio de 1989, incluyendo aquel miembro de la población correccional cuya condena haya dado lugar a una determinación de reincidencia agravada o de reincidencia habitual, ambas situaciones conforme al Código Penal derogado, será bonificado como lo estipula el inciso (b) de este artículo, en el cómputo máximo y mínimo de su sentencia y será elegible para participar del Programa de Libertad bajo Supervisión Electrónica, siempre y cuando así lo determine la Junta de Libertad bajo Palabra.

Queda excluida de los abonos que establece este artículo, toda convicción por abuso sexual infantil; lo cual significa, incurrir en conducta sexual en presencia de un menor, en la que se utilice a un menor, o ambos, voluntaria o involuntariamente, para ejecutar conducta sexual dirigida a satisfacer la

lascivia o cualquier acto que, de procesarse por la vía criminal, configuraría cualesquiera de los siguientes delitos: agresión sexual, actos lascivos, comercio de personas para actos sexuales, exposiciones obscenas, proposición obscena, trata humana, secuestro agravado, proxenetismo, rufianismo, producción de pornografía infantil, posesión y distribución de pornografía infantil, utilización de un menor para pornografía infantil, envío, transportación, venta, distribución, publicación, exhibición o posesión de material obsceno y espectáculos obscenos, según han sido tipificados en el Código Penal de Puerto Rico.

Las rebajas de términos de sentencias dispuestas en este artículo por buena conducta y asiduidad, aplicarán a toda persona sentenciada a cumplir término de reclusión bajo cualquier Código Penal de Puerto Rico o delito cometido bajo cualquier ley penal especial que en sus disposiciones no las excluya, independientemente se encuentre dentro de una institución correccional o esté cumpliendo el restante de su sentencia de reclusión a través de un permiso concedido a tenor con lo dispuesto en este Plan o que se encuentre recluida en cualquier entidad gubernamental o privada como parte de un programa de rehabilitación o se encuentre disfrutando de libertad bajo palabra.

El Secretario rendirá un Informe Anual a la Asamblea Legislativa en el que se detallen todos los casos en los que se hayan concedido bonificaciones a confinados por buena conducta y asiduidad y los criterios considerados para conceder los mismos. Dicho Informe será publicado en la página oficial del Departamento en la red cibernética. (Énfasis nuestro).

### -III-

En el presente caso el Departamento de Corrección y Rehabilitación por conducto de la División de Remedios Administrativos de la Institución "Ponce Principal" denegó la solicitud de bonificación del recurrente. Al denegar la solicitud la parte recurrida concluyó que la sentencia del recurrente está excluida de recibir bonificaciones por buena conducta y asiduidad. De acuerdo con el claro texto del Artículo 11 del Plan de Reorganización Núm. 2, según enmendado por la Ley Núm. 87-2020, y por la Ley núm. 66-2022, confinados que cumplen una sentencia de 99 años, aunque estén disfrutando algún beneficio concedido por la Junta de Libertad Bajo Palabra, no cualifican

para bonificaciones a la sentencia por buena conducta y asiduidad. Por tanto, la parte recurrida actuó conforme a derecho.

### -IV-

Por todo lo cual, a la luz de los fundamentos expuestos, que hacemos formar parte de este dictamen, *confirmamos* la respuesta administrativa emitida por la parte recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones